139 F.3d 904
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard Frederick DONAGHY; Karen Sue Donaghy, Plaintiffs-Appellants,
v.
CITY OF SANTA ROSA; Henry, Officer; Collard, Officer;
Ruge, Officer; Young, Officer, Defendants-Appellees.
 No. 97-15162.
D.C. No. CV-95-04381-CW/BZ.
 United States Court of Appeals, Ninth Circuit.
 Submitted February 9, 1998.**
Decided Feb. 19, 1998.
 
 Appeal from the United States District Court for the Northern District of California Claudia Wilken, District Judge, Presiding.
 Before PREGERSON, CANBY, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Richard Frederick Donaghy and Karen Sue Donaghy appeal pro se the district court's summary judgment for defendants City of Santa Rosa and police officers in their 42 U.S.C. § 1983 action alleging violations of their constitutional rights. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review a grant of summary judgment de novo, see Barnett v. Centoni, 31 F.3d 813, 815 (9th Cir.1994) (per curiam), and we affirm.
 
 
 3
 The Donaghys contend that genuine issues of material fact precluded summary judgment on their claims of false arrest, excessive force and unlawful seizure of their vehicle. This contention lacks merit.
 
 
 4
 The district court properly granted summary judgment on the false arrest claim because the undisputed evidence demonstrated that the officers could reasonably have believed that they had probable cause to arrest the Donaghys. See Fuller v. M.G. Jewelry, 950 F.2d 1437, 1443 (9th Cir.1991). Further, because the undisputed facts establish that the level of force used in arresting the Donaghys was reasonable under the circumstances, the police officers were entitled to qualified immunity on the excessive force claim. See Scott v. Henrich, 39 F.3d 912, 915 (9th Cir.1994). Also, qualified immunity was appropriate on the claim that the officers seized the Donaghys' vehicle unlawfully. See Cal.Veh.Code § 22651(h)(1) (authorizing towing of vehicle when driver is arrested and taken into custody).[1]
 
 
 5
 Further, because the Donaghys introduced no evidence that they were injured by acts done pursuant to any custom or policy, summary judgment was appropriate as to all claims against the City of Santa Rosa. See Monell v. Department of Social Servs., 436, U.S. 658, 694 (1978).
 
 
 6
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We do not consider, because it is raised for the first time on appeal, the Donaghys' claim that the seizure of their vehicle deprived them of due process because the Notice of Stored Vehicle they received was insufficient on its face. See McMillan v. United States, 112 F.3d 1040, 1047 (9th Cir.1997)